**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | | |
|---|---|---|
| EMMA WILSON, HANNAH STOFFEL, and ERIN MANCHESS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 1:22-cv-00336-HAB-SLC |
| NICHOLAS JOHNSON, HUNTINGTON UNIVERSITY, HUNTINGTON UNIVERSITY BOARD OF TRUSTEES, RUSS DEGITZ, LAUREN JOHNSON, CURTIS HINES, JOHN DOES 1-50, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

---

**AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

---

The following is the Complaint of three former student athletes at Huntington University who were victims of a coach who gave Larry Nassar-esque massages all the while acting like Lance Armstrong's Tour de France pharmacist, injecting unknown substances into their bodies, and his supporters. That coach's name is Nicholas Johnson, and he should be in prison. Nicholas Johnson and his co-defendants have been destroying the lives of young students and runners in Northern Indiana for years. Today, Plaintiffs take a stand to stop him and his enablers.

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

1

2.      Venue is proper in this Court under 28 U.S.C. § 1391 because all incidents, events, and occurrences giving rise to the allegations in this complaint occurred or originated in the Northern District of Indiana.

## THE PARTIES

3.      Plaintiff Emma Wilson is a natural person residing in Terre Haute, Indiana.

4.      From August 2020 until May 2021, Emma Wilson was a student at Huntington University.

5.      From August 2020 until May 2021, Emma Wilson was a runner on the Huntington University cross country and track teams.

6.      While enrolled at Huntington University, Emma Wilson was one of the top collegiate distance runners in the United States. [*See* Ex. A, HUNTINGTON COUNTY TAB, HU runner Emma Wilson just shy of automatic Olympic trial.[1]]

7.      Emma Wilson can be served through the undersigned counsel.

8.      Plaintiff Hannah Stoffel is a natural person currently residing in Bloomington, Indiana.

9.      Hannah Stoffel was a student at Huntington University.

10.     Hannah Stoffel was a member of Huntington University track and cross-country teams.

---

[1] Exhibits and their contents are incorporated into this Amended Complaint by reference.

11.     Hannah Stoffel was an NAIA National Champion in track and cross country at Huntington University in November of 2019 and March of 2020.

12.     Hannah Stoffel can be served through the undersigned counsel.

13.     Plaintiff Erin Manchess is a natural person residing in Ft. Wayne, Indiana.

14.     From 2017 through 2021, Erin Manchess was a student at Huntington University.

15.     From 2017 through 2021, Erin Manchess was a member of the Huntington University track and field and cross-country teams.

16.     Erin can be served through the undersigned counsel.

17.     Defendant Nicholas Johnson is a natural person currently residing in the Northern District of Indiana.

18.     From 2018 until his arrest in December 2020, Nicholas Johnson was the head cross country and assistant track coach at Huntington University.

19.     Defendant Nicholas (or "Nick") Johnson is the husband of Defendant Lauren Johnson.

20.     Nicholas Johnson can be served at 411 Edith Blvd, Huntington, IN 46750 and also his attorney of record in this matter.

21.     Defendant Lauren Johnson is a natural person residing in the Northern District of Indiana.

22.     Defendant Lauren Johnson is the wife of Nicholas Johnson.

23.     Defendant Lauren Johnson is herself a world class runner who has represented the United States in international competition.

24.     Defendant Lauren Johnson was an assistant cross country and track coach at Huntington University from 2018 until her husband's arrest in December 2020.

25.     After her husband's arrest, Lauren Johnson became the Head Cross Country Coach at Huntington University.

26.     Defendant Lauren Johnson is currently on leave from being the Head Cross Country Coach at Huntington University.

27.     Defendant Lauren Johnson can be served at 411 Edith Blvd, Huntington, IN 46750 and also through her attorney of record in this matter.

28.     Defendant Curtis Hines is a natural person residing in the Northern District of Indiana.

29.     At all relevant times Curtis Hines was an Assistant Cross- Country and Track Coach at Huntington University.  He is currently on leave.

30.     Defendant Curtis Hines can be served at 6071 N 250 E, Huntington, IN, 4675, also through his attorney of record in this matter.

31.     Defendant Huntington University (sometimes referred to simply as "Huntington") is a "Christian" University in Northern Indiana.

32.     Defendant Huntington University receives monetary assistance from the United States Government, making it subject to Title IX (20 U.S.C. § 1681) regulations.

33.     On information and belief, Defendant Huntington University Board of Trustees is the governing body for Huntington University and can be served at 2303 College Avenue Huntington, Indiana 46750.

34.     From 2018 to December 2020, Huntington University employed Defendant Nicholas Johnson as the track and cross-country coach.

35.     Huntington University can be served at 2303 College Avenue Huntington, Indiana 46750.

36.     Russ Degitz is a natural person residing in the Northern District of Indiana.

37.     Since 2019, Dr. Degitz has been the Chief Operating Officer (a "Senior Administrator") of Huntington University. [*See* Ex. B, Huntington University Senior Administrators]

38.     In his role, Dr. Degitz "is responsible for administrative duties involving university property, athletics, auxiliary services, and risk management[;]" he is part of the University's senior leadership team. [Ex. C, Huntington University profile page for Russ Degitz, Chief Operations Officer.]

39.     In 2020, Dr. Degitz was (and likely still is) the Senior Team Leader for the Athletics Department (Men and Women's Cross Country and Track and Field). [*See* Ex. D, Dec. 2020 Head XC and Ass't T&F Coach Job Description.]

40.     At all relevant times, Dr. Degitz had (and presumably still has) the ability to change the job descriptions of coaching staff. [*See* Ex. D, Dec. 2020 Head XC and Ass't T&F Coach Job Description.]

41.     Despite having actual knowledge that Nick Johnson had raped at least one minor in August 2020 under the auspices of his position as Head Coach for Huntington

University, Dr. Degitz took no action to protect Plaintiffs or anyone else in the Huntington, Indiana community from Nick Johnson.

42.     Dr. Degitz can be served through Huntington University's counsel, Robert Keen, Jr. at 215 East Berry Street, Fort Wayne, Indiana, who has agreed to accept service on Dr. Degitz behalf.

43.     John Does 1-50 are placeholders for as yet unknown Huntington University administrators and Board of Trustee members who knew or should have known about Nicholas Johnson's conduct.

**GENERAL ALLEGATIONS**

**A. The Johnson Coaches and Their Professional Running History**

44.     This case involves a systematic doping program instituted by the Johnson Defendants during their coaching tenure at Huntington University.

45.     The doping program at the heart of the allegations in this complaint originated years earlier in Oregon.

46.     Nicholas and Lauren Johnson are husband and wife.

47.     They were hired by Huntington in 2018 to coach the cross country and track program.

48.     Nicholas was hired as the head coach of both the men's and women's cross-country programs and as an assistant coach of the track program.

49.     Curtis Hines is a well-known runner in the Indiana running community.

50.     Prior to working at Huntington University, Curtis Hines was a successful high school coach for years in Northern Indiana.

51.     Curtis Hines himself is, and was, a successful competitor in long distance running.

52.     Curtis Hines was fully aware of the allegations of doping against Alberto Salazar in 2018.

53.     In 2018, Curtis Hines was fully aware of rumors in the running community that Lauren Johnson had used, and was using, performance enhancing drugs herself.

54.     Curtis Hines was aware of Nick Johnson's ties with Alberto Salazar.

55.     Lauren Johnson was hired as an assistant coach for both men's and women's cross country and track.

56.     Prior to being hired at Huntington University, Nicholas Johnson was an administrative assistant with the world-renowned Nike Oregon Track Club (OTC) in Eugene, Oregon.

57.     Nick Johnson told people he was a coach with the Nike Oregon Track Club, however that was false.

58.     Prior to returning to her alma matter, Lauren Johnson[2] was a runner for the OTC.

59.     While Lauren Johnson was a member of the OTC, the OTC was coached by renowned British Coach (and 1988 Olympic medalist) Mark Rowland.

_____

[2] Nicholas and Lauren are both alumni of Huntington University.

60.     Despite being relatively old[3], in 2014 and 2015, Ms. Johnson made rapid and massive improvements in the middle-distance events of 800 and 1,500 meters—her primary events.

61.     Ms. Johnson qualified for the United States World Championships Team in the 1,500 meters in 2015.

62.     She competed in the 2015 World Athletics Championships in Beijing, China.

63.     She did not qualify for the 1,500-meter final in Beijing.

64.     Lauren Johnson was kicked out of the Oregon Track Club before returning to the United States from Beijing.

65.     At the same time, Nicholas Johnson was fired from the Oregon Track Club.

66.     While in Oregon, Nicholas Johnson developed close contacts with the Nike Oregon Project (the "NOP").

67.     The NOP was one of the most elite distance running groups in the world.

68.     2012 and 2016 Olympic Medalists Galen Rupp and Mo Farrah were members of the NOP.

69.     At all relevant times, the NOP was coached by now-disgraced coach Alberto Salazar.

---

[3] Upon information and belief, Lauren Johnson was born May 4, 1987:
https://worldathletics.org/athletes/united-states/lauren-johnson-14335068

8

70.     Nicholas Johnson often bragged about his relationship and connections with Alberto Salazar.

71.     One of Nick Johnson's primary roles with Salazar's Nike Oregon Project was to hide and surreptitiously observe the rival Bowerman Track Club's workouts and then report the substance and results of those workouts to Salazar.

72.     Plaintiffs need to conduct discovery to determine the full extent of the Salazar–Johnson relationship, but the relationship is important because Alberto Salazar was banned from his sport for both doping violations (by USADA) and for emotional and sexual abuse (by SafeSport).

73.     The doping program instituted at Huntington University by Nicholas and Lauren Johnson is strikingly similar to the doping program exposed at the NOP.

74.     In 2015, the BBC and ProPublica exposed systematic and organized doping at the NOP.  [See Ex. E, BBC NEWS, Top athletics coach Alberto Salazar faces doping claims.]

75.     Alberto Salazar[4] was subsequently banned by the United State Anti-Doping Agency (USADA[5]) and the World Anti-Doping Administration for four (4) years for the conduct exposed by the BBC.

---

[4] Alberto has since been banned from track and field for life by the Center for Safe Sport in the United States for inappropriate sexual conduct with his runners.

[5] https://www.usada.org/wp-content/uploads/Salazar-AAA-Decision.pdf

76.     USADA alleged, and it was found that, Alberto Salazar impermissibly administered infusions/injections, trafficked testosterone, and tampered with USADA's administration of doping control program/investigation.[6]

77.     Alberto Salazar was the coach of 2008 Olympian Amy Yoder Begley, a native of Northeastern Indiana.

78.     Amy Yoder Begley and her husband, Sheldon Andrew Begley, are friends of Nicholas and Lauren Johnson, all of whom are natives of Northeastern Indiana.

79.     Sheldon Andrew Begley was a witness for USADA in USADA's doping case against Alberto Salazar.

80.     The Begleys served to connect the Johnsons to the professional track scene in Oregon, including the OTC and NOP.

81.     Upon information and belief, Nicholas Johnson instituted a doping program similar to the program utilized at the NOP upon his arrival at Huntington University.

82.     Upon information and belief, while in Oregon Lauren Johnson took:

     a.   L-carnitine[7] infusions/injections

---

[6] https://www.usada.org/wp-content/uploads/Salazar-AAA-Decision.pdf

[7] L-Carnitine is a naturally occurring substance in the body; synthetically it is a permitted substance if taken in doses of less than 100ml in a 12-hour period. The method upon which the L-Carnitine is introduced into the body is also a vital consideration as to whether its use is permitted by the World Anti-Doping Administration.
https://www.independent.co.uk/sport/general/athletics/mo-farah-lcarnitine-usada-doping-agency-latest-news-a9367071.html

b.   Other substances, including but not limited to: EPO and testosterone, to be

discovered during the course of this litigation.

83.   Nick Johnson had a prescription for Erythropoietin "EPO".

84.   EPO is banned substance.

85.   Nick Johnson had a prescription for testosterone cream.

86.   Testosterone cream is a banned substance.

87.    Giving prescription drugs to someone without the appropriate license

and training is illegal in Indiana.

88.   Nick Johnson gave drugs to his runners at Huntington University.

89.   Upon information and belief, Nick Johnson gave his runners at

Huntington, including Plaintiffs, EPO without their knowledge or consent.

90.   Upon information and belief, Nick Johnson applied testosterone cream to

his runners, including Plaintiffs, without their knowledge or consent.

91.   Nick Johnson gave other drugs to his runners, including Plaintiffs,

without their informed consent.

92.   Lauren Johnson leveraged Therapeutic Use Exemptions (TUEs) in order to

take medically unnecessary substances to improve her athletic performance.

93.   Nicholas Johnson's connections to the organized doping of the NOP were

publicly discoverable in 2018 when Huntington University hired him.

94.   Lauren Johnson's connections to the NOP were publicly discoverable in

2018 when Huntington University hired her.

95.     In fact, in 2017, THE NEW YORK TIMES wrote a detailed account of the doping program implemented at the Nike Oregon Project. [*See* Ex. F, THE NEW YORK TIMES, 'This Doesn't Sound Legal': Inside Nike's Oregon Project.]

96.     Huntington University and Curtis Hines both knew or should have known about the doping program at the NOP.

97.     Sadly, instituting a doping program similar to the program utilized at the NOP wasn't the only vice brought to Huntington by the Johnsons.

### B. Nicholas Johnson's Predatory Behavior Continues and the University, Lauren Johnson, and Curtis Hines Turn a Blind Eye

98.     Prior to his arrest in December 2020, Nicholas Johnson had sexual contact with multiple students on the Huntington University Cross Country and Track and Field teams.

99.     Nick Johnson coached Aspen Dirr at Huntington University.

100.    Nick Johnson had sex with Ms. Dirr when he coached her at Huntington University.

101.    By September 8, 2020, at the latest, Lauren Johnson knew that Aspen and Nick Johnson were having a sexual relationship.

102.    Nick Johnson coached Hannah Stoffel on the Huntington University Track and Cross-Country teams.

103.    Nick Johnson raped Hannah Stoffel when he was her coach.

104.    By September 8, 2020, Lauren Johnson knew that her husband, Nick Johnson, was having a sexual "relationship" with Hannah Stoffel.

105.    In August 2020, Nick Johnson took a minor to Oregon under the ruse of a recruiting trip to the University of Oregon.

106.    On that trip: Nicholas Johnson admitted to sexual contact with at least one minor in Northern Indiana.

107.    Specifically, he admitted to "touching Victim 1's breasts skin to skin in a sensual nature, with his fingers touching Victim 1's nipple with more of a focus on Victim 1's nipples than her breasts." [*See* Ex. G, Huntington Police Department Police Report, p. 40.]

108.    Nick Johnson admitted sharing a hotel room with a minor and to having Victim 1 straddle him on a bed and grind on him. [*See* Ex. G, Huntington Police Department Police Report, p. 40.]

109.    Nick Johnson admitted to having several inappropriate sexual conversations with a minor and with a minor and with his wife via text messages. [*See* Ex. G, Huntington Police Department Police Report, pgs. 41-42.]

110.    Nick Johnson admitted to "abusing his power" and manipulating minors. [*See* Ex. G, Huntington Police Department Police Report, p. 41.]

111.    Victim 1 presented a more detailed version of the sexual events that occurred between her and Mr. Johnson, including that Mr. Johnson showered with her, massaged her chest, and that she "could feel Nick's penis on her butt and between her butt cheeks." [*See* Ex. G, Huntington Police Department Police Report, p. 54.]

112.     She further stated that she and Mr. Johnson had a "make-out session" and that Mr. Johnson initiated oral sex on her. [*See* Ex. G, Huntington Police Department Police Report, p. 55.]

113.     Rumors of this trip began to swirl at Huntington North High School, and eventually the administration was informed, and they began to investigate.  [*See* Ex. G, Huntington Police Department Police Report, p. 3.]

114.     In August 2020, unknown Huntington University Staff questioned Nick Johnson about his relationship with Victim 1.

115.     Upon information and belief, Plaintiffs allege that this staff member was not Russ Degitz, but was another staff member with decision making authority at Huntington (one of the John Doe defendants).

116.     Administrators at Huntington North School reported to law enforcement that Nick Johnson had sexual contact with a minor.

117.     In August 2020, Huntington University took no action to protect Victim 1 or Plaintiffs, or anyone besides the University and the Johnsons.

### C. Russ Degitz's Deliberate Indifference

118.     In August 2020, the athletic director of Huntington North High School and the assistant principal at Huntington North High School met with Chief Operating Officer of Huntington University, Russ Degitz.

119.     Nick Johnson was also present at the meeting with Degitz and the two Huntington Administrators.

120.     At the August 2020 meeting, at least the following was discussed:

    a. The concerns of community members about the flow of minors in and out of Nick and Lauren Johnson's home;

    b. Nick Johnson said he had been accused of being Victim 1's boyfriend;

    c. Victim's 1 dating relationship with minor boys, including the sexual interactions (or lack thereof) between Victim 1 and minor boys;

    d. Nick Johnson "might have mentioned" being accused of having "forced Victim 1" to perform oral sex on him; and

    e. Many other "bizarre things" were apparently also discussed at the meeting with Nick Johnson, the Huntington North AD, Assistant Principal, and **Chief Operating Officer of Huntington University Russ Degitz.**[8]

121. As C.O.O. of Huntington University, Russ Degitz is high enough on the chain of command at Huntington University to act on its behalf.

122. Russ Degitz was Nick Johnson's superior.

123. A reasonable person, let alone a college executive with a background in K-12 education, would have been horrified about the contents of the discussion between Johnson and the two high school administrators (who were also his former colleagues).[9]

---

[8] All of the above is <u>public</u> information contained in the Huntington Police Department Offense report for incident H20-14578, which all Defendants including Huntington University have admitted to possessing. It is attached in its entirety as Exhibit G.

[9] Degitz was the principal of Huntington North High School until 2018.

124.    A reasonably prudent person, let alone someone with undeniable decision-making authority at Huntington University, would have contacted the police immediately after the August meeting.

125.    A reasonably prudent person, let alone a man possessing decades of experience working with children, would have immediately taken steps to ensure that Nicholas Johnson had no further contact with Victim 1.

126.    Russ Degitz has a doctorate degree from Ball State in education leadership, specializing in athletics and safety and security.

127.    With his background and education, Russ Degitz would be particularly aware of how much control a college athletics coach has over his athletes.

128.    A reasonably prudent college administrator would have taken steps to immediately protect the young women who relied on Johnson as a coach and a financial benefactor.

129.    Nick Johnson had the ability to reduce athlete's scholarships.

130.    Nick Johnson did arbitrarily reduce Hannah Stoffel's scholarship.

131.    When Nick Johnson reduced Hannah's scholarship, she was the reigning NAIA National Champion in cross country.

132.    Huntington administrators did not question nor inquire about Nick Johnson's decision to reduce Hannah's scholarship.

133.    A reasonable person, let alone a college administrator with a background in K-12 education, could have reasonably foreseen that Nick Johnson was engaged in sexual activity with other young females.[10]

134.    Russ Degitz possessed all the knowledge outlined above and was deliberately indifferent to the risk: he did absolutely nothing.

135.    If Russ Degitz had acted following the August 2020 meeting with Nick Johnson and his former colleagues from Huntington North High School:

    a.  Hannah Stoffel would have been spared over two months of rapes;

    b.  Emma Wilson would have been spared infusions/injections of unknown substances;

    c.  Emma Wilson would have been spared massages with unknown creams;

    d.  Emma Wilson's reputation as a world class athlete and her performances would not be tarnished with her association with Huntington's doping program.

136.    In short, if Degitz had taken any action in response to the meeting, the Plaintiffs would have been spared at least some of the infusions/injections, massages, and batteries they endured from August 2020 until Nick's arrest in December 2020.

---

[10] The administration of Huntington North, including its athletic director, *did* take some such steps, including:
    a.  Forbidding Nicholas Johnson from coming to the Huntington North Campus;
    b.  Contacting the Indiana Department of Child Services;
    c.  By September 14, 2020 at the latest, cooperating with the subsequent law enforcement investigation;
    d.  Notifying Victim 1's mother of the allegations concerning her minor daughter and sex with an adult male.

## D. Nick Johnson Starts Raping Hannah Stoffel

137.    At all times, Lauren Johnson was also the coach of Stoffel and Dirr.

138.    Up until December 2020, Nick Johnson was the coach of Hannah Stoffel.

139.    Nicholas Johnson began confiding in Hannah, telling her that he was being physically abused by Lauren Johnson.

140.    Nicholas Johnson told Hannah that Lauren was bipolar and would beat him.

141.    Nicholas Johnson told Hannah that Lauren did not want to have children and that he did.

142.    In July of 2020, Hannah Stoffel and Emma Wilson were living together in an apartment arranged by Nicholas Johnson.

143.    One night, Hannah informed Nicholas that the key to her exterior lock was sticking.

144.    Nicholas Johnson said Hannah should leave the door unlocked.

145.    Nicholas Johnson told Hannah that he would come over that night and give her a massage.

146.    Hannah Johnson informed Nicholas Johnson she did not need or want a massage and went to bed.

147.    Later that night Nicholas got into Hannah's bed and began touching her legs and buttocks.

148.    Hannah told Nicholas Johnson "no" and to "stop'' and that she did not want or need a massage.

149.    Nicholas Johnson continued to batter Hannah.

150.    Nicholas Johnson then put his fingers inside Hannah's vagina.

151.    Hannah began to cry and Mr. Johnson left her apartment.

152.    The sexual batteries of Hannah soon escalated.

153.    Nicholas Johnson raped Hannah Stoffel on several occasions from July 2020 through November 2020.

154.    Nicholas Johnson would psychologically torture Hannah, including but not limited to:

      a.   Mr. Johnson drove Hannah to the scene of childhood trauma;

      b.   Mr. Johnson repeatedly told Hannah that she had never been loved; and

      c.   Mr. Johnson repeatedly told Hannah that he was the only one who loved her and that he and he alone could help her achieve her dreams of competing in the Olympic trials.

155.    Often after emotional traumatizing and breaking Hannah down, Nicholas Johnson would force Hannah to sexually service him.

156.    Defendant Lauren Johnson knew that Hannah was spending time alone with Nicholas Johnson.

157.    Curtis Hines knew that Nick was spending time alone with Hannah.

158.    Huntington University and John Doe Defendants knew that Nick Johnson was spending time alone with Hannah.

159.    Russ Degitz knew that Nick Johnson had been accused of raping at least one minor.

160.    Russ Degitz knew that Nick Johnson had been reported to the Indiana Department of Child Services.

161.    Russ Degitz knew or should have known that Nick Johnson controlled the amount and terms of Hannah's scholarship.

162.    Russ Degitz did nothing to protect Hannah despite having actual knowledge that Nick Johnson had been accused of orally raping a minor.

163.    Curtis Hines and Lauren Johnson knew that Johnson often isolated the female members of the Huntington team for "treatments".

164.    Nicholas Johnson would isolate Hannah under the guise of her needing "treatment" and molest her.

165.    From July 2020 through November 2020, Nicholas Johnson used physical force, coercion, threats, and promises to obtain sexual services from Hannah.

166.    Nicholas Johnson put his finger or fingers in Hannah's vagina while he was giving her "massages" in front of her other teammates.

167.    Nicholas Johnson on several occasions had sexual intercourse with Hannah despite her repeated statements that she did not want to engage in sexual intercourse with him.

168.    Nicholas Johnson told Hannah that his conduct was not sexual, that he was merely teaching her how to love and be intimate.

169.    Hannah became concerned that Nicholas would try to get her pregnant.

20

170.     In September 2020, Victim 1, who was also sexually servicing Nicholas Johnson, discovered sexual text messages from Nicholas Johnson to Hannah on Nicholas Johnson's phone.

171.     Victim 1 told Lauren Johnson that Nicholas was having sex with Hannah or that if Nicholas did not inform his wife, she would tell her.

172.     Johnson subsequently informed his wife.

173.     In November 2022, Victim 1 admitted in a television interview that she found sexually explicit messages between Hannah Stoffel and Nick Johnson on Nick Johnson's phone.

174.     Despite knowing that Nick Johnson was having sex with Hannah Stoffel, one of their mutual athletes, Lauren Johnson did nothing to protect Hannah Stoffel.

175.     Despite knowing that Hannah Stoffel was not the only athlete Nick Johnson was having sex with, Lauren Johnson did nothing to protect the other female athletes.

176.     Lauren Johnson's actions and/or inactions ratified or enabled Nicholas' sexually predatory behavior.

177.     Despite talking to Hannah directly about the sexual activity between her and her husband, Lauren Johnson took no steps to protect Hannah Stoffel.

178.     Lauren Johnson knew that Nick Johnson was having sex with Aspen Dirr by September 2020 at the latest.

179.     At all times, Lauren Johnson knew Stoffel and Dirr were coached by her husband.

21

180.    It was well known among members of the Huntington University Cross Country team that Nick Johnson touched females inappropriately while giving them treatments.

181.    At least two female members of the Huntington University Cross Country team refused to get "treatments" from Nick Johnson or be alone with him.

182.    Upon information and belief, Huntington University staff and employees were aware that certain female runners refused to be alone with Johnson prior to the start of the 2020 Cross-Country season.

### E. Nick Johnson Continues Raping Hannah, Including on Campus, Through November 2020

183.    It is undisputable that, by September 2020, Lauren Johnson knew Nick Johnson was having sex with Hannah Stoffel.

184.    It undisputable that by September 2020, Lauren Johnson knew that Nick Johnson was having sex with Aspen Dirr.

185.    Huntington University had received reports prior to the fall of 2020 that Nick Johnson was alone with females in the Sports Plex.

186.    Prior to the fall of 2020, Huntington University knew that Nick Johnson was not an athletic trainer, pharmacist, medical doctor, or any kind of licensed medical provider.

187.    Prior to the fall of 2020, Huntington University had received reports that Nick was meeting late at night, alone, with a minor female at the Sports Plex.

188.    In November 2020, Nicholas Johnson asked Hannah to meet him upstairs at the Huntington Sports Plex to treat her sore calf.

22

189.    Upon arriving upstairs to meet Johnson, Hannah noticed that the lights were out and quickly realized that Johnson was planning on sexually assaulting her again.

190.    Hannah said her calf did not need treatment.

191.    Nicholas Johnson began massaging calves despite Hannah's protest.

192.    Nicholas Johnson soon began touching and rubbing Hannah's vulva under her shorts, skin to skin.

193.    Hannah asked Nicholas Johnson to stop.

194.    Nick Johnson continued over Hannah's protests.

195.    Hannah cried and turned up her headphones and endured another battery at the hands of Johnson.

196.    Defendants Huntington University, Lauren Johnson, Russ Degitz, and Curtis Hines and John Does allowed Johnson to meet with his female athletes alone.

197.    Russ Degitz allowed Nick Johnson to continue to meet with young female athletes alone after his conversation with his former Huntington North colleagues in August 2020.

198.    Defendants Huntington University, Lauren Johnson, Russ Degitz, and Curtis Hines and John Does knowingly allowed Nicholas Johnson to massage athletes, including female athletes alone.

199.    Defendants Huntington University, Lauren Johnson, Russ Degitz, and Curtis Hines, and John Does knew Nicholas Johnson was not an athletic trainer or medical doctor, or nurse, or physical therapist.

200.     Defendants Huntington University, Lauren Johnson, Russ Degitz, and Curtis Hines and John Does knew Nicholas Johnson had no medical credentials.

201.     At the same time of the raping and battering of Hannah Stoffel, Nicholas Johnson was having sex with at least one other runner on the Huntington University Cross-Country and/or Track team, as well as having sexual contact with a minor high school runner.

202.     In December 2020, Nicholas Johnson was arrested for sexually exploiting a minor female Indiana high school runner. [*See* Ex. H, THE INDIANAPOLIS STAR, Former Huntington University track coach faces felony charges.]

203.     That minor high school runner was the same runner who discovered the sexual texts to Hannah on Nicholas Johnson's phone in September 2020.

204.     Between August 8, 2020 and December 2, 2020, Nicholas Johnson used his finger to "penetrate the sex organ of a child with whom he had a 'professional

relationship.'"

---

STATE OF INDIANA          )
                          )
         vs.              )          Cause No.: 35C01-2012-F5-000
                          )
**NICHOLAS E. JOHNSON**   )          COUNT 1
**DOB: 01-07-1987**

**INFORMATION FOR**
**CHILD SEDUCTION**
**LEVEL 5 FELONY**
**I.C. 35-42-4-7(n) & (q)(2)**

        Sometime from August 8, 2020, through December 2, 2020, in Huntington County, Indiana, Nicholas Johnson had a professional relationship with a child less than eighteen (18) years of age and knew the child was at least sixteen (16) years of age but less than eighteen (18) years of age, and may have exerted undue influence on the child because of his current or previous professional relationship with the child and knowingly used or exerted his professional relationship to engage in other sexual conduct, namely, said defendant penetrated Victim 1's sex organ with his finger.

All of which is contrary to the laws of the State of Indiana.

---

205.    Huntington University finally fired Johnson in December 2020, shortly after his arrest.

206.    After Mr. Johnson's firing from Huntington University, Curtis Hines and others told the members of the Cross-Country team, including Plaintiffs, to write down positive thoughts regarding what Mr. Johnson meant to them.

207.    Nicholas Johnson eventually pled guilty to identity deception and received 30 days in jail, and 2 years of home detention.

208.     Despite numerous concerns from some track team members and parents of the students, Huntington University named Lauren Johnson as the replacement head coach for her husband.

209.     Plaintiff Erin Manchess vocalized her opposition opinion to the Huntington President that Lauren Johnson should not be hired as the replacement head coach.

210.     Huntington University was aware that Nicholas Johnson was still living with Lauren Johnson.

211.     Upon information and belief, after his firing, Nicholas Johnson continued to provide workouts to the runners at Huntington University.

212.     Upon information and belief, Nicholas Johnson continues to provide workouts to the runners at Huntington University.

213.     Through 2021-2022, while on home detention, Nicholas "advised" runners, including minor runners in Northern Indiana.

214.     Students on the Huntington University Cross-Country Team were told by Huntington University staff members they could visit the Johnson home, and specifically Nicholas, for running advice and camaraderie.

215.     Many students on the Huntington University Cross-Country Team did then visit the Johnson home, for running advice and camaraderie.

216.     During the 2019-20 and 2020-21 academic years, Nick Johnson, Lauren Johnson and Curtis Hines instructed her, along with other team members, to not talk about going to the Johnson house for treatments.

217.     Nicholas Johnson has maintained direct and/or indirect contact with the minor victim in the criminal complaint against him.

218.     Hannah shared her story, both written and orally, with the Huntington Police Department.

219.     Erin Manchess participated in an interview with the Huntington Police Department regarding Nicholas Johnson's use and provision of substances on her and other athletes.

220.     As a result of Erin's cooperation in the law enforcement investigation, Lauren Johnson confronted Erin in a private meeting in the Spring of 2021 to admonish her.

221.     Subsequently, these events and this hostile environment lead Erin to cease participation in the Huntington track and field and cross country programs.

222.     Neither the Huntington Police Department, nor the United States Attorney's Office for the Northern District of Indiana, have taken any action against Nicholas Johnson for raping Hannah.

223.     No law enforcement agency has taken any action against Johnson for infusing/injecting/massaging his athletes, including all three Plaintiffs, with unknown substances without their informed consent.

224.     While Nicholas Johnson coached at Huntington University, he created a training and learning environment that was hostile to female members of the Huntington Track and Cross-Country programs.

225.    Defendants Hines, Degitz, Huntington University, Huntington University Board of Trustees, and Lauren Johnson, and John Does were deliberately indifferent toward the hostile environment Nicholas Johnson was fostering.

226.    After races, Nicholas Johnson would take the female runners, including Plaintiffs, on individual runs to isolated places at or near the cross-country course and press his body against theirs.

227.    Johnson rubbed his body against his female athletes, including Plaintiffs under the guise of "hugging" them for good performances.

228.    On several occasions, in the fall of 2020, Plaintiffs were subject to these runs and their corresponding batteries.

229.    Upon information and belief, male athletes were not subject to these individual runs, or "hugs" that occurred during or after them.

230.    Moreover, Nicholas Johnson had graphic sexual conversations with the female runners on his team.

231.    Plaintiff Emma Wilson recalls one isolated conversation with Nicholas Johnson where he specifically described his own personal experience about his first time having sexual intercourse.

232.    This conversation made the Emma feel extremely uncomfortable, but she felt that she could not tell him to stop for fear of reprisal.

233.    Plaintiff Erin Manchess recalls inappropriate sexual and/or raunchy comments from Nick Johnson on a regular basis.

28

234.    Nick Johnson encouraged Erin Manchess to end her relationship with her boyfriend.

235.    Defendants Lauren Johnson, Hines, John Does, Russ Degitz, and Huntington University were aware of these conversations but did nothing to stop them.

236.    Nicholas Johnson had female members of the team, including Plaintiffs Wilson and Stoffel, live with him in his basement.

237.    Defendants Hines, Huntington University, Russ Degitz, John Does, and Lauren Johnson (obviously), were each aware that females from the Huntington University Cross Country team were living with Johnson but did not nothing to disrupt this blatantly troubling behavior.

238.    Nicholas Johnson provided medical "treatments" to the runners at Huntington University, during those treatments Johnson sexually exploited his runners – just like Larry Nassar.

239.    Nicholas Johnson verbally justified to Hannah Stoffel the criminal actions of the now convicted Larry Nassar.

240.    These treatments included the massaging of the sex organs of female athletes including children:

42-4-7(i).  Mr. Johnson stated he did treatments in his garage with Victim 1 and discussed a chest treatment he performed on Victim 1 several times.  Mr. Johnson stated there were times during this treatment he touched Victim 1's breast in a sensual manner with the intention to arouse or please Victim 1.  Mr. Johnson agreed this touch crossed the line and violated any method of treatment, as it was again described as a sensual touch by Mr. Johnson.

241.    Defendant Lauren Johnson knew that Nicholas Johnson was massaging the breasts of Victim 1 yet did nothing to stop the molestation.

242.    Defendant Lauren Johnson knew that Nicholas Johnson was massaging the breasts of the female members of the Huntington University Cross Country team as part of his treatments yet did nothing to stop it.

243.    On at least one occasion, Nicholas Johnson had Hannah put her hands over her nipples while he massaged her breasts in front of Hannah's then-boyfriend, a male member of the Huntington Cross Country Program.

244.    Defendant Hines and Lauren Johnson were both aware of these breast massages but did not intervene and took no action to protect the athletes they coached.

245.    Defendant Degitz knew that Nick Johnson was providing massages and treatments to his athletes by August 2020 at the latest.

246.    Defendant Degitz knew that Nick Johnson was providing massages and treatments to minors at Huntington North High School by August of 2020 at the latest.

247.    Defendant Degitz knew that Nick Johnson was "treating" athletes at the Johnson home by August 2020 at the latest.

248.    Defendant Lauren Johnson knew that Nicholas Johnson was providing "treatments" (i.e. molesting) at their shared home to the young women he coached, but did nothing to stop it.

249.    Defendants Hines was also aware that Nicholas Johnson was "treating" (i.e. molesting) women and girls at his home, but did nothing to stop it.

250.     Nicholas Johnson also "treated" (i.e. molested) the women and girls he coached on the campus of Huntington University.

251.     Defendants John Does, Huntington University, Russ Degitz,  Lauren Johnson, and Curtis Hines, all knew that Johnson was providing "treatments" alone to (i.e. molesting) female athletes.

### F.     The Johnsons Bring the Doping Program to Huntington

252.     Nicholas Johnson told Erin Manchess that she had been chosen to be part of an injection "research trial" in July of 2019 in which she and other athletes would be injected with a substance that would help them perform more efficiently and lose weight.

253.     Nicholas Johnson told Erin Manchess that the "research trial" was sponsored and endorsed by the U.S. Olympic Team.

254.     Erin Manchess received weekly injections in July of 2019 in her upper glute before being cut from the "research trial" in August of 2019.

255.     Erin Manchess also regularly received unlabeled and non-packaged pills from Nick Johnson, who told her they were "immune supplements."

256.     In the summer of 2019, Nicholas Johnson invited select members of the cross-country team as well as assistant coaches to a meeting about his performance enhancing drugs.

257.     Hannah attended this meeting.

258.    Nicholas Johnson stated that he was conducting a "study" or "experiment" endorsed by Nike and Huntington University's athletic director, Dr. Lori Culler.

259.    He further stated that select members of the team would receive injections and that they had to sign a non-disclosure agreement.

260.    Curtis Hines said he was participating and signed the agreement, which helped Nicholas Johnson recruit his selected athletes.

261.    Nicholas Johnson also told Hannah and her fellow study participants that the NAIA[11] had approved of the study.

262.    In November 2022, Aspen Dirr admitted in a television interview that Nick Johnson administered injections on Huntington student-athletes.

263.    Hannah started receiving the infusions/injections in 2019, along with some of her teammates.

264.    In 2019, Nicholas Johnson infused/injected Plaintiff Stoffel with an unknown substance at the US Championships in Des Moines, Iowa.

265.    In Iowa, Nicholas Johnson told Hannah Stoffel that Lauren Johnson received the same substances.

266.    Hannah is not sure what substance she was infused/injected with on a bi-weekly basis.

---

[11] National Association of Intercollegiate Athletics – Huntington University is a member of the Kansas City, Missouri based organization.

267.     Questions about the validity of the "study" began to surface by the end of the summer of 2019.

268.     Nicholas Johnson became angry when another athlete told his parents about the infusions/injections and the alleged study.

269.     Nicholas Johnson's anger scared Hannah out of confronting him more aggressively about the study.

270.     Nicholas Johnson also repeatedly rubbed unknown substances on Plaintiffs.

271.     On several occasions, Nicholas Johnson would rub a substance purported to be Icy Hot on Plaintiff Emma Wilson after practice.

272.     On other occasions, Nicholas Johnson would conduct massage treatments on Emma Wilson using an unknown substance.

273.     Similar to Emma Wilson's experience, Hannah Stoffel and Erin Manchess had unknown substances, in addition to what they believe was cocoa butter, massaged into their bodies by Nicholas Johnson.

274.     Johnson's "treatments" were not just limited to batteries during massages, but also included infusing/injecting his athletes with unknown substances as well as giving out pills.

275.     Johnson committed battery by infusing/injecting Emma Wilson with yet to be determined substances on at least three occasions in July, October, and November 2020.

276.    These infusions/injections of Emma occurred both at Johnson's home and on Huntington University's campus.

277.    At one point, Emma's knee began to hurt, and Mr. Johnson gave her an unknown pill in a plastic bag and stated that "it was stronger than ibuprofen and that it would help with the inflammation."

278.    Emma ingested the unknown pill because she trusted her coach.

279.    It was well known to Hines, Lauren Johnson, and the Huntington University athletic department that Nicholas Johnson was providing "treatments" to the athletes he coached.

280.    It was well known to all defendants that these treatments included infusions/injections of unknown substances.

281.    On at least one occasion, Hannah believes she was given the prescription drug Prednisone from Mr. Johnson.

282.    Hannah recalls a particularly traumatic "treatment" in October 2020.

283.    While recovering from a sore Achilles tendon, Hannah got poison ivy.

284.    Nicholas Johnson told Hannah that her body could not both recover from her Achilles injury and subdue the poison ivy inflammation.

285.    Nicholas Johnson took Hannah alone to a location in the Huntington Sports Plex.

286.    Hannah told Nicholas Johnson that the poison ivy was under control from an over-the-counter cream.

287.    Hannah told Nicholas Johnson she did not want any "treatment" from him.

288.    Despite her protests, Mr. Johnson physically held Hannah down and infused/injected her with four shots that he said he had obtained from his brother.

289.    While he restrained her, Nicholas gave Hannah two shots in her lower back as well as (over Hannah's vehement protests) in the general area of her uterus.

290.    It was known to all defendants that these "treatments", including massages and infusions/injections, were performed on female team members by Nicholas Johnson.

291.    It was well known to all defendants that these treatments included pills in clear plastic baggies of unknown substances to athletes.

292.    The athletes on the Huntington University Cross Country team initially believed that the "study" was sanctioned by Nike and Huntington University.

293.    In 2021, the athletes began to learn that the "study" was in fact not sanctioned by Nike or Huntington University.

294.    Throughout 2021, the athletes learned that the "study" was not a study at all and that they had been lied to by the Johnsons, Hines, and John Does in the Huntington University athletic department.

295.    Defendants Huntington University, Lauren Johnson, and Curtis Hines did nothing to stop the delivery of drugs or any of Johnson's other treatments to the athletes he coached or to the other minors with whom Johnson had a "professional relationship."

35

296.     Indeed, Curtis Hines actively promoted the athletes' participation in this "study."

297.     The inactions and deliberate indifference of Defendants Curtis Hines, Lauren Johnson, Russ Degitz, and Huntington University, the Trustees, and John Does allowed Johnson to batter Plaintiffs and create an environment that hindered female students from fully participating the athletic program of Huntington University.

298.     By failing to take any action at all in response to the allegations and accusations against Nicholas Johnson, as well as their own personal knowledge of his dangerous predilections, Huntington University, Huntington University Board of Trustees, Lauren Johnson, Russ Degitz, Curtis Hines, and John Does ratified his tortious behavior.

299.     Plaintiffs were each damaged by Defendants, including physically and emotionally, and the extent of their damages is yet to be ascertained.

## CAUSES OF ACTION

### Count 1: Violation of Title IX
**(Emma Wilson, Erin Manchess, and Hannah Stoffel vs. Huntington University and Huntington University Board of Trustees)**

300.     Plaintiffs incorporate by reference the forgoing paragraphs as if set forth herein.

301.     At all relevant times, Defendant Huntington University, either directly or through its Board of Trustees, received federal funding and assistance.

302.     Upon information and belief, Huntington students utilized Federal Student Loans and Pell Grants.

36

303.    At all relevant times, all individually named Defendants in this Complaint were employees of Huntington University.

304.    Due to the actions of Defendant Nicholas Johnson and the actions/inactions of Defendants Russ Degitz, Huntington University, the Board of Trustees, John Does, Lauren Johnson, and Curtis Hines, Plaintiffs suffered gender discrimination, sexual harassment, and sexual batteries.

305.    Defendant Nicholas Johnson openly battered Plaintiffs with his so-called treatments.

306.    Defendant Nicholas Johnson openly sexually battered Plaintiffs, even going so far as to molest Hannah in front of her then-boyfriend and unknown others on Huntington University property.

307.    Defendant Nicholas Johnson's inappropriate behavior was common knowledge amongst the John Does in the athletic department.

308.    Defendant Nicholas Johnson's behaviors were known to John Doe Defendants, Russ Degitz, and to Huntington University and its Board of Trustees.

309.    The physical, verbal, sexual, psychological and behavioral conduct by Defendant Nicholas Johnson was not consensual and sufficiently severe or pervasive from both a subjective and objective viewpoint such that the conduct had the purpose or effect of unreasonably interfering with the Plaintiffs' academic performances, or creating an intimidating, hostile or offensive environment for working, learning or living on campus.

310.    The environment created by Defendant Nicholas Johnson, John Does, Russ Degitz, Huntington University, the Board of Trustees, Lauren Johnson, and Curtis Hines was hostile, including but not limited to, the frequency of the conduct, the nature and severity of the conduct, the relationship between the parties, the location and context in which the conduct occurred, and the humiliating nature of the conduct.

311.    Defendants Huntington University, the Board of Trustees, Russ Degitz, John Does, Lauren Johnson, and Curtis Hines had actual knowledge of Nicholas Johnson's batteries of Plaintiffs.

312.    Defendants Huntington University, the Board of Trustees, John Does, Russ Degitz, Lauren Johnson, and Curtis Hines all had the authority to take corrective measures to protect Plaintiffs.

313.    Defendants Huntington University, the Board of Trustees, Russ Degitz, John Does, Lauren Johnson, and Curtis Hines were deliberately indifferent and took no action to protect Plaintiffs from Defendant Nicholas Johnson.

314.    Defendants Huntington University, the Board of Trustees, John Does, Russ Degitz, Lauren Johnson, and Curtis Hines' actions constitute gender discrimination against Plaintiffs based on their sex.

**Count 2: Battery (Physical)**
**(EMMA WILSON vs. NICHOLAS JOHNSON)**

315.    Plaintiffs incorporate by reference the forgoing paragraphs as if set forth herein.

316.    On at least three occasions in the fall of 2020, the last being in November of 2020, Nicholas Johnson infused/injected Emma Wilson with an unknown substance.

317.    Nicholas Johnson told Emma Wilson that these infusions/injections were based on a prior "study" he had done.

318.    Nicholas Johnson pressured Emma Wilson to receive these infusions/injections.

319.    Nicholas Johnson gave Emma Wilson these infusions/injections to Emma under false pretenses.

320.    These infusions/injections occurred at the Johnson's home and at the Huntington Sports Plex.

321.    Nicholas Johnson's contact with Emma Wilson was intentional, harmful, and offensive.

322.    As a result of these batteries Emma Wilson has suffered physical harm.

323.    As a result of these batteries Emma continues to suffer emotionally.

### Count 3: Battery (Sexual)
### (EMMA WILSON vs. NICHOLAS JOHNSON)

324.    Plaintiffs incorporate by reference the forgoing paragraphs as if set forth herein.

325.    On several occasions, Nicholas Johnson hugged and massaged the Plaintiff with an unknown substance(s) and without her consent.

326.    The hugs and massages occurred on Huntington's Campus and the Johnson's home.

327.    Nicholas Johnson's contact with Emma was intentional, harmful, and offensive.

328.    As a result of these batteries Emma continues to suffer emotionally.

39

### Count 4: False Imprisonment
### (EMMA WILSON vs. NICHOLAS JOHNSON)

329.    Plaintiffs incorporate by reference the foregoing paragraphs as though fully set forth herein.

330.    Nicholas Johnson physically restrained Plaintiff Emma Wilson against her will and without her consent when he massaged unknown substances into her skin and injected/infused her with unknown substances.

331.    Emma Wilson was harmed by Nicholas Johnson's false imprisonment of her, both physically and emotionally.

### Count 5: Intentional Infliction of Emotional Distress
### (EMMA WILSON vs. NICHOLAS JOHNSON)

332.    Plaintiffs incorporate by reference the forgoing paragraphs as if set forth herein.

333.    On several occasions, Nicholas Johnson hugged and massaged the Plaintiff with an unknown substance(s) and without her consent.

334.    On three occasions, Nicholas Johnson infused/injected her with an unknown substance.

335.    These actions constitute extreme and outrageous conduct, as his behavior goes beyond all possible bounds of decency.

336.    Nicholas Johnson conducted himself to intentionally, or recklessly, cause severe emotional distress in Emma Wilson, such that she would be more pliable and easier to manipulate.

337.    As a result of these batteries, Emma continues to suffer extreme emotional distress.

### Count 6: Respondeat Superior Liability
### (EMMA WILSON vs. HUNTINGTON UNIVERSITY and HUNTINGTON UNIVERSITY BOARD OF TRUSTEES)

338.    Plaintiffs incorporate by reference the foregoing paragraphs as though fully set forth herein.

339.    Emma Wilson was harmed by the tortious conduct of Nicholas Johnson, who, at all relevant times, was employed by, and working in the scope of his employment with, Huntington University and/or the Huntington University Board of Trustees.

340.    Nicholas Johnson's physical battery of Wilson (including the injections/infusions) was committed in his role as her university running coach and ostensibly in furtherance of making her a more competitive athlete.

341.    Nicholas Johnson's sexual battery of Wilson (including the massages with an unknown substance and unwanted hugging) was committed in his role as her university running coach and ostensibly in furtherance of making her a more competitive athlete and/or to aid in her recovery from training.

342.    Nicholas Johnson's false imprisonment of Wilson was committed in his role as her university running coach and ostensibly in furtherance of making her a more competitive athlete and/or to aid in her recovery.

343.     Nicholas Johnson's intentional infliction of emotional distress upon Wilson was committed in his role as her university running coach and ostensibly in furtherance of making her a more competitive athlete.

344.     Each and all of the torts alleged against Nicholas Johnson were incidental to his authorized conduct as coach for Huntington University.

345.     Each and all of the torts alleged against Nicholas Johnson were, to an appreciable extent, done to further Huntington University's business (to have a nationally competitive running program).

### Count 7: Negligent Infliction of Emotional Distress
### (EMMA WILSON vs. LAUREN JOHNSON, CURTIS HINES, HUNTINGTON UNIVERSITY, HUNTINGTON UNIVERSITY BOARD OF TRUSTEES, RUSS DEGITZ, and JOHN DOE DEFENDANTS)

346.     Plaintiffs incorporate by reference the forgoing paragraphs as if set forth herein.

347.     On several occasions, as described above, Nicholas Johnson committed multiple batteries against Emma Wilson and unlawfully restrained her movement.

348.     Defendants Lauren Johnson, Curtis Hines, Russ Degitz, John Does, and Huntington University and its Board of Trustees, knew or reasonably should have known that Nicholas Johnson was engaging in this atrocious behavior.

349.     Defendants Lauren Johnson, Curtis Hines, Russ Degitz, and John Does owed a specific duty to protect their student, Emma Wilson, which they breached by failing to take any action whatsoever to stop Nicholas Johnson from having unfettered access to Emma Wilson, despite his known abusive behavior.

350.     The Plaintiff was directly physically impacted by their negligence as she was battered by Nicholas Johnson, and she suffered serious emotional trauma because of the abuse.

351.      Thus, as a result of their negligence, Hines, Lauren Johnson, Russ Degitz, John Does, and Huntington University and its Board of Trustees are the responsible cause for Ms. Wilson's emotional distress.

**Count 8: Negligence**
**(EMMA WILSON vs. LAUREN JOHNSON, RUSS DEGITZ, CURTIS HINES, JOHN DOES, HUNTINGTON UNIVERSITY and HUNTINGTON UNIVERSITY BOARD OF TRUSTEES)**

352.     Plaintiffs incorporate by reference the forgoing paragraphs as though fully set forth herein.

353.     Defendants Lauren Johnson, Curtis Hines, Russ Degitz, John Does, and Huntington University and its Board of Trustees owed a duty to Emma Wilson as she was in their custody and control as a student and a member of the Cross Country Team.

354.     All Defendants in this count were teachers, coaches, or administrators who owed Emma Wilson a duty of reasonable care.

355.     The Defendants breached their duty in the following, non-exhaustive ways:

    a.  failing to protect Emma Wilson from unwanted hugs from Nicholas Johnson;

    b.  failing to protect the Emma Wilson from unwanted and inappropriate massages from Nicholas Johnson;

43

    c.   failing to protect Emma Wilson from receiving infusions/injections of unknown substances from Nicholas Johnson;

    d.   failing to protect Emma Wilson from receiving unknown pills from Nicholas Johnson;

    e.   failing to protect Emma Wilson from Nicholas Johnson, generally;

    f.   failing to adequately train University employees and staff on identifying and preventing sexual abuse;

    g.   failing to adequately supervise its employee, for example, allowing Nicholas Johnson to be alone with Emma Wilson.

356.    Their negligence caused Emma Wilson to suffer physical pain and emotional distress.

### Count 9: Battery (Physical)
### (HANNAH STOFFEL v. NICHOLAS JOHNSON)

357.    Plaintiffs incorporate by reference the foregoing paragraphs as though fully set forth herein.

358.    On several occasions between July 2019 and the end October 2020, Nicholas Johnson infused/injected Hannah Stoffel with unknown substances without her informed consent.

359.    Nicholas Johnson lied to Hannah Stoffel about the injections/infusions, telling her that she was receiving them as part of a Nike-funded, or otherwise legitimate and/or University-sanctioned, study.

360.    Nicholas Johnson rubbed unknown substances on Hannah Stoffel without her consent.

361.     Nicholas Johnson's contact with Hannah was intentional, harmful, and offensive.

362.     As a result of the forgoing Hannah has suffered and continues to suffer emotional, economic, physical damages.

### Count 10: Battery (Sexual)
### (HANNAH STOFFEL vs. NICHOLAS JOHNSON)

363.     Plaintiffs incorporate by reference the foregoing paragraphs as though fully restated herein.

364.     On several occasions between July 2020 and the end of November/early December 2020, Nicholas Johnson battered Hannah Stoffel by forcing her to engage in nonconsensual sexual conduct.

365.     Nicholas Johnson used physical force, threats, coercion and deceit to penetrate, enter, violate, and touch Hannah Stoffel in a harmful and offensive manner without her consent.

366.     Nicholas Johnson raped Hannah Stoffel.

367.     Nicholas Johnson's contact with Hannah was intentional.

368.     As a result of the forgoing Hannah has suffered and continues to suffer emotional, economic, and physical damages.

### Count 11: False Imprisonment
### (HANNAH STOFFEL VS. NICHOLAS JOHNSON)

369.     Plaintiffs incorporate by reference the foregoing paragraphs as though fully restated herein.

370.    Nicholas Johnson physically restrained Plaintiff Hannah Stoffel against her will and without her consent when he massaged unknown substances into her skin and injected/infused her with unknown substances.

371.    Hannah Stoffel was harmed by Nicholas Johnson's false imprisonment of her, both physically and emotionally.

## Count 12: Intentional Infliction of Emotional Distress
### (HANNAH STOFFEL vs. NICHOLAS JOHNSON)

372.    Plaintiffs incorporate by reference the forgoing paragraphs as though fully set forth herein.

373.    On several occasions, Nicholas Johnson hugged and massaged Hannah Stoffel with an unknown substance and without her consent.

374.    On numerous occasions, Nicholas Johnson infused/injected Hannah Stoffel with an unknown substance.

375.    On numerous occasions, Nicholas Johnson battered Hannah Stoffel.

376.    On numerous occasions, Nicholas Johnson raped Hannah Stoffel.

377.    Over a period of time, Nicholas Johnson psychologically tortured Hannah Stoffel.

378.    These actions constitute extreme and outrageous conduct, as his behavior goes beyond all possible bounds of decency.

379.    Nicholas Johnson conducted himself to intentionally, or recklessly, cause severe emotional distress in Hannah Stoffel, such that she would be more pliable and easier to manipulate.

380.     As a result of this conduct, Hannah continues to suffer extreme emotional distress.

## Count 13: Respondeat Superior Liability
### (HANNAH STOFFEL vs. HUNTINGTON UNIVERSITY and HUNTINGTON UNIVERSITY BOARD OF TRUSTEES)

381.     Plaintiffs incorporate by reference the foregoing paragraphs as though fully set forth herein.

382.     Hannah Stoffel was harmed by the tortious conduct of Nicholas Johnson, who, at all relevant times, was employed by, and working in the scope of his employment with, Huntington University and/or the Huntington University Board of Trustees.

383.     Nicholas Johnson's physical battery of Hannah Stoffel (including the injections/infusions) was committed in his role as her university running coach and ostensibly in furtherance of making her a more competitive athlete.

384.     Nicholas Johnson's sexual battery of Hannah Stoffel (including the massages with an unknown substance and unwanted hugging) was committed in his role as her university running coach and ostensibly in furtherance of making her a more competitive athlete and/or to aid in her recovery from training.

385.     Nicholas Johnson's false imprisonment of Hannah Stoffel was committed in his role as her university running coach and ostensibly in furtherance of making her a more competitive athlete and/or to aid in her recovery.

386.     Nicholas Johnson's intentional infliction of emotional distress upon Hannah Stoffel was committed in his role as her university running coach and ostensibly in furtherance of making her a more competitive athlete.

387.     Each and all of the torts alleged against Nicholas Johnson were incidental to his authorized conduct as coach for Huntington University.

388.     Each and all of the torts alleged against Nicholas Johnson were, to an appreciable extent, done to further Huntington University's business (to have a nationally competitive running program).

### Count 14: Negligent Infliction of Emotional Distress
### (HANNAH STOFFEL vs. LAUREN JOHNSON, CURTIS HINES, HUNTINGTON UNIVERSITY, HUNTINGTON UNIVERSITY BOARD OF TRUSTEES, RUSS DEGITZ, and JOHN DOE DEFENDANTS)

389.     Plaintiffs incorporate by reference the forgoing paragraphs as though fully set forth herein.

390.     On several occasions, Nicholas Johnson committed multiple batteries and rapes against the Plaintiff.

391.     Defendants Lauren Johnson, Curtis Hines, Russ Degitz, Huntington University, the Board of Trustees, and John Doe Defendants knew or reasonably should have known that Nicholas Johnson was engaging in this atrocious behavior.

392.     Defendants Lauren Johnson, Curtis Hines, Russ Degitz, Huntington University, the Trustees, and John Does owed a specific duty to protect their student, Hannah Stoffel, which they breached by failing to take any action whatsoever to stop Nicholas Johnson from having unfettered access to Hannah Stoffel, despite his known abusive behavior.

393.     All Defendants in this count were teachers, coaches, or administrators who owed Hannah Stoffel a duty of reasonable care.

394.     Hannah Stoffel was directly physically impacted by their negligence as she was battered by Nicholas Johnson, and she suffered serious emotional trauma because of the abuse.

395.     Thus, as a result of their negligence, Hines, Lauren Johnson, Russ Degitz, John Does, and Huntington University and its Board of Trustees are the responsible cause for Ms. Stoffel's emotional distress.

### Count 15: Negligence
### (HANNAH STOFFEL vs. HUNTINGTON UNIVERSITY, HUNTINGTON UNIVERSITY BOARD OF TRUSTEES, RUSS DEGITZ, LAUREN JOHNSON, CURTIS HINES, and JOHN DOES)

396.     Plaintiffs incorporate by reference the foregoing paragraphs as though fully restated herein.

397.     Huntington University, Huntington University Board of Trustees, Lauren Johnson, Curtis Hines, Russ Degitz, and John Does all knew or should have known that Defendant Nicholas Johnson was raping Hannah Stoffel.

398.     Huntington University, Huntington University Board of Trustees, Lauren Johnson, Curtis Hines, Russ Degitz, and John Does all knew of should have known that Nicholas Johnson was infusing/injecting Hannah Stoffel with unknown substances and rubbing unknown substances on Hannah Stoffel.

399.     Huntington University, Huntington University Board of Trustees, Lauren Johnson, Curtis Hines, Russ Degitz and John Does all owed a duty of reasonable care to Hannah Stoffel.

400.     The Defendants breached their duty in the following, non-exhaustive ways:

    a.  failing to protect Hannah Stoffel from unwanted hugs from Nicholas Johnson;

    b.  failing to protect the Hannah Stoffel from unwanted and inappropriate physical contact from Nicholas Johnson;

    c.  failing to protect Hannah Stoffel from receiving infusions/injections of unknown substances from Nicholas Johnson;

    d.  failing to protect Emma Wilson from Nicholas Johnson, generally;

    e.  failing to adequately train University employees and staff on identifying and preventing sexual abuse;

    f.  failing to adequately supervise its employee, for example, allowing Nicholas Johnson to be alone with Hannah Stoffel.

401.     Neither Huntington University, Huntington University Board of Trustees, Lauren Johnson, Curtis Hines, Russ Degitz, nor John Does took any action to protect Hannah Stoffel from Nicholas Johnson.

402.     The actions and/or inactions of Huntington University, Huntington University Board of Trustees, Lauren Johnson, Curtis Hines, Russ Degitz, and John Does enabled Nicholas Johnson to batter Plaintiff.

403.     As a result of the forgoing Hannah has suffered and continues to suffer emotional, economic, physical damages.

**Count 16: Battery (Physical)**
**ERIN MANCHESS vs. NICHOLAS JOHNSON**

50

404.    Plaintiffs incorporate by reference the foregoing paragraphs as though fully restated herein.

405.    Throughout July of 2019, Nicholas Johnson infused/injected Erin Manchess with an unknown substance in her upper glute on a weekly basis.

406.    Nicholas Johnson falsely led Erin Manchess to believe that she was participating in a safe and sanctioned research trial.

407.    Nicholas Johnson falsely led Erin Manchess to believe that she was being infused/injected with a substance that would help her perform more efficiently and lose weight and that was sanctioned by the US Olympic team.

408.    Nicholas Johnson infused/injected Erin Manchess intentionally and without her informed consent.

409.    The infusions/injections constituted harmful and offensive contact from Nicholas Johnson.

410.    Nicholas Johnson concealed the true nature of the infusions/injections from Erin Manchess, and it was not until September of 2022 that she learned the false premises under which she had been infused/injected and that she had not, after all, given informed consent.

411.    As a result of the forgoing Erin has suffered and continues to suffer emotional, economic, physical damages.

**Count 17: False Imprisonment**
**(ERIN MANCHESS vs. NICHOLAS JOHNSON)**

412.    Plaintiffs incorporate by reference the foregoing paragraphs as though fully restated herein.

413.    Nicholas Johnson physically restrained Plaintiff Erin Manchess without her consent when he infused/injected her with unknown substances.

414.    Erin Manchess was harmed by Nicholas Johnson's false imprisonment of her, both physically and emotionally.

415.    Erin Manchess did not consent to the true circumstances surrounding the physical restraint.

416.    Nicholas Johnson concealed the true nature of the infusions/injections from Erin Manchess, and it was not until September of 2022 that she learned the false premises under which she had been infused/injected and that she had not, after all, given informed consent.

### Count 18: Intentional Infliction of Emotional Distress
### (ERIN MANCHESS vs. NICHOLAS JOHNSON)

417.    Plaintiffs incorporate by reference the forgoing paragraphs as though fully set forth herein.

418.    On numerous occasions, Nicholas Johnson infused/injected Erin Manchess with an unknown substance.

419.    On numerous occasions, Nicholas Johnson battered Erin Manchess.

420.    These actions constitute extreme and outrageous conduct, as his behavior goes beyond all possible bounds of decency.

421.     Nicholas Johnson conducted himself to intentionally, or recklessly, cause severe emotional distress in Erin Manchess, such that she would be more pliable and easier to manipulate.

422.     As a result of this conduct, Erin continues to suffer extreme emotional distress.

### Count 19: Respondeat Superior Liability
### (ERIN MANCHESS vs. HUNTINGTON UNIVERSITY and HUNTINGTON UNIVERSITY BOARD OF TRUSTEES)

423.     Plaintiffs incorporate by reference the foregoing paragraphs as though fully set forth herein.

424.     Erin Manchess was harmed by the tortious conduct of Nicholas Johnson, who, at all relevant times, was employed by, and working in the scope of his employment with, Huntington University and/or the Huntington University Board of Trustees.

425.     Nicholas Johnson's physical battery of Erin Manchess (including the infusions/injections) was committed in his role as her university running coach and ostensibly in furtherance of making her a more competitive athlete.

426.     Nicholas Johnson's false imprisonment of Erin Manchess was committed in his role as her university running coach and ostensibly in furtherance of making her a more competitive athlete and/or to aid in her recovery.

427.     Nicholas Johnson's intentional infliction of emotional distress upon Erin Manchess was committed in his role as her university running coach and ostensibly in furtherance of making her a more competitive athlete.

428.    Each and all of the torts alleged against Nicholas Johnson were incidental to his authorized conduct as coach for Huntington University.

429.    Each and all of the torts alleged against Nicholas Johnson were, to an appreciable extent, done to further Huntington University's business (to have a nationally competitive running program).

### Count 20: Negligent Infliction of Emotional Distress
### (ERIN MANCHESS vs. LAUREN JOHNSON, CURTIS HINES, HUNTINGTON UNIVERSITY, HUNTINGTON UNIVERSITY BOARD OF TRUSTEES, and JOHN DOE DEFENDANTS)

430.    Plaintiffs incorporate by reference the forgoing paragraphs as though fully set forth herein.

431.    On several occasions, Nicholas Johnson committed multiple batteries against Erin Manchess.

432.    Defendants Lauren Johnson, Curtis Hines, Huntington University, the Board of Trustees, and John Doe Defendants knew or reasonably should have known that Nicholas Johnson was engaging in this atrocious behavior.

433.    Defendants Lauren Johnson, Curtis Hines, Huntington University, the Board of Trustees, and John Does owed a specific duty to protect their student, Erin Manchess, which duty they breached by allowing Nicholas Johnson to experiment on his athletes under false pretenses.

434.    All Defendants in this count were teachers, coaches, or administrators who owed Erin Manchess a duty of reasonable care.

435.    Erin Manchess was directly physically impacted by their negligence as she was battered by Nicholas Johnson, and she suffered serious emotional trauma because of the abuse.

436.    Thus, as a result of their negligence, Hines, Lauren Johnson, John Does, and Huntington University and its Board of Trustees are the responsible cause for Ms. Manchess' emotional distress.

**Count 21: Actual Fraud**
**(EMMA WILSON, HANNAH STOFFEL, and ERIN MANCHESS**
**vs. NICHOLAS JOHNSON)**

437.    Plaintiffs incorporate by reference the foregoing paragraphs as though fully restated herein.

438.    Nicholas Johnson committed fraud when he lied about the injections/infusions he was giving to Plaintiffs and their teammates; specifically:

a.  As it relates to Emma Wilson, the fraud occurred in the fall of 2020, when Nicholas Johnson told Hannah that the injections were part of a prior "study" he had done;

b.  As it relates to Hannah Stoffel, the fraud occurred in the summer of 2019, when Nicholas Johnson told Hannah (and her teammates) that he was conducting a "study" or "experiment" endorsed by Nike and Huntington University's athletic director;

c.  As it relates to Erin Manchess, the fraud occurred in the fall of 2018, when Nicholas Johnson told Erin that she had been selected to participate in an injection "research trial" sponsored and endorsed by the U.S. Olympic

Team; Nicholas Johnson informed Erin that the injections would help her perform more efficiently and lose weight.

439.    Nicholas Johnson knew his various statements about the "study" or "trial" were false.

440.    Nicholas Johnson intended to deceive Plaintiffs because he knew that performance enhancing drugs were highly regulated and that his athletes would not agree to be infused/injected with any substances that were not sanctioned.

441.    Plaintiffs trusted their coach and rightfully relied on his representations about the infusions/injections.

442.    Plaintiffs were injured by Nicholas Johnson's fraud physically and emotionally; Plaintiffs have also suffered damage to their reputations as collegiate athletes, because their running records are tainted by the likelihood they were achieved under the influence of performance enhancing drugs.

443.    Nicholas Johnson's fraud proximately caused the injuries.

**Count 22: Damages Resulting from Civil Conspiracy to Commit Fraud**
**(HANNAH STOFFEL vs. NICHOLAS JOHNSON and CURTIS HINES)**

444.    Plaintiffs incorporate by reference the foregoing paragraphs as though fully restated herein.

445.    Nicholas Johnson committed actual fraud as specifically alleged in Count 21 above.

446.    Curtis Hines conspired with Nicholas Johnson to carry out the fraud by announcing to Hannah (and her teammates) that he was participating in the "study"

and by signing the alleged agreement, which helped Nicholas Johnson recruit his selected athletes.

447.    The concerted action of Nicholas Johnson and Curtis Hines to induce athletes to agree to the infusion/injection "study" injured Hannah physically and emotionally; Hannah also suffered damage to her reputation as a collegiate athlete, because her running records are tainted by the likelihood they were achieved under the influence of performance enhancing drugs.

**Count 23: Apparent Authority Liability for Nicholas Johnson's Fraud**
**(EMMA WILSON, HANNAH STOFFEL, and ERIN MANCHESS vs. HUNTINGTON**
**UNIVERSITY and HUNTINGTON UNIVERSITY BOARD OF TRUSTEES)**

448.    Plaintiffs incorporate by reference the foregoing paragraphs as though fully restated herein.

449.    Nicholas Johnson committed actual fraud as specifically alleged in Count 21 above.

450.    At all times relevant to his fraudulent misrepresentations to Huntington University Student Athletes, Nicholas Johnson was an employee of Huntington University; he was the head coach of its Cross-Country and Track teams.

451.    As head coach, Nicholas Johnson was cloaked with the authority of the University over the cross country and track athletes.

452.    Nicholas Johnson had the authority, for example, to control the athletes' scholarships.

453.    The University vested Nicholas Johnson with great power and authority over the cross-country and track teams.

454.    Nicholas Johnson's high position within the athletics department of the University enabled him to gain the trust of his athletes, such that he could commit the above-described fraud upon them.

455.    Plaintiffs were harmed by Nicholas Johnson's fraud as described in Count 21 above.

456.    Nicholas Johnson was an agent of Huntington University.

457.    Huntington University is liable for the damages Plaintiffs suffered as a result of Nicholas Johnson's fraud under a theory of apparent authority.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Emma Wilson, Hannah Stoffel, and Erin Manchess respectfully pray that this Court enter judgment in their favor and against Defendants, awarding compensatory and punitive damages, attorneys' fees pursuant to 42 U.S.C. § 1988 or any other applicable federal or state statute, as well as any other damages applicable under State or Federal law or statute, and for all other relief just and proper in the premises.

## DEMAND FOR A JURY TRIAL

Plaintiffs demand a jury on all issues so triable.


Respectfully Submitted,


s/*Annemarie Alonso*
Annemarie Alonso, annie@sllawfirm.com
Jonathan Little, jon@sllawfirm.com
Gabrielle Olshemski, gaby@sllawfirm.com

SAEED AND LITTLE, LLP
133 W. Market Street #189
Indianapolis, Indiana 46204
(317)721-9214

s/ *Brock Hagerman*
Brock Hagerman, brock@hulse-lacey.com
Hulse, Lacey, Hardacre, & Austin PC
911 Meridian Street
Anderson, Indiana 46016

<u>CERTIFICATE OF SERVICE</u>

I certify all parties were served through the Court's ECF system at the time of

filing on the date electronically stamped in the header; Robert Keen, Jr. attorney for

Huntington University, agreed to accept service for Dr. Russ Degitz.

s/ *Annemarie Alonso*
Annemarie Alonso